**In re Petition for Disciplinary Action against Michael H. BURNS, an Attorney at Law of the State of Minnesota.**

No. C7–88–1261.

Supreme Court of Minnesota.

Oct. 5, 1988.

ORDER

WHEREAS, the matter of the discipline of Michael H. Burns came on for oral argument before this court on September 12, 1988; and

WHEREAS, during the course of the oral argument an agreement was reached, mutually acceptable to all the parties, to transfer Mr. Burns to disability inactive status under Rule 28 of the Rules on Lawyers Professional Responsibility, should adequate proof of Mr. Burns' mental illness be presented to the court; and

WHEREAS, such proof has been presented to the court in the form of letters from Mr. Burns' consulting psychologist, Dr. Dick Jones, and Mr. Burns' physician, W. Wyatt Moe, M.D., confirming that Mr. Burns suffers from depression to such extent that performance of his professional duties has become seriously impaired; and

WHEREAS, Rule 28, RLPR, requires that attorneys whose mental illness prevents the competent representation of clients be transferred to disability inactive status:

IT IS HEREBY ORDERED THAT:

(1) Mr. Burns be transferred to disability inactive status pursuant to Rule 28, RLPR, *see In re Platto,* 420 N.W.2d 217 (Minn. 1988); and

(2) Mr. Burns may not again practice law until he has made a showing to this court of his fitness to practice law pursuant to Rules 28(d) and 18, RLPR, and in such event Mr. Burns will not be entitled to the appointment of a lawyer under Rule 28(d), RLPR, *see Platto,* 420 N.W.2d at 217; and

(3) Mr. Burns may again practice upon a petition of the Director, Lawyers Professional Responsibility Board, pursuant to Rule 28(c), RLPR, in which event Mr.

Burns' right to appointment of counsel shall depend on the then existing rules, *see In re Oldenkamp,* 403 N.W.2d 617 (Minn. 1987).